IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.,                               :
416 Tohickon Avenue                                 :
Quakertown, PA  18951                               :          2011-11192
                               Plaintiff            :
Vs.                                                 :
Equable Ascent Financial LLC                        :
1120 W. Lake Cook Road, Suite B                     :
Buffalo Grove, IL  60089                            :
and                                                 :
John Does 1-10                                      :
and                                                 :          Jury Trial Demanded
XYZ Corporations                                    :
                               Defendant(s)         :

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the

following pages, you must take action within twenty (20) days after this Complaint and Notice

are served by entering a written appearance personally or by attorney and filing in writing with

the Court your defenses or objections to the claims set forth against you. You are warned that if

you fail to do so the case may proceed without you and a judgment may be entered against you

by the Court without further notice to you for any money claimed in the Complaint or for any

other claim or relief requested by Plaintiff(s). You may lose money or property or other rights

important to you.

SEE NEXT PAGE ->->->->->->->->->->->->->->



Case Number: 2011-11192          4
Receipt:    Z617203              Judge: 37
Code:  46                        Filing: 9741872
Patricia Bachtle - Bucks Co Prothonotary
B09          12/29/2011 10:36:47 AM

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| James E. Wright, Jr.,<br>416 Tohickon Avenue<br>Quakertown, PA 18951 | : <br> : <br> : | |
| Plaintiff | : | 2011-11192 |
| Vs. | : | |
| Equable Ascent Financial LLC<br>1120 W. Lake Cook Road, Suite B<br>Buffalo Grove, IL 60089<br>and<br>John Does 1-10<br>and<br>XYZ Corporations | : <br> : <br> : <br> : <br> : <br> : | |
| | : | Jury Trial Demanded |
| Defendant(s) | : | |

## **COMPLAINT**

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. A substantial portion of the conduct complained of occurred in this jurisdiction.

4. Plaintiff resides in this jurisdiction.

5. This Court has federal question jurisdiction pursuant to 28 USC 1331 and 15 USC 1681, et. seq.

6. Venue is proper in this District because Defendant(s) do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

7. Jurisdiction for this action is asserted pursuant to 28 U.S.C. §1334-1337.

8. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

9. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

## PARTIES

10. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

11. Plaintiff is James E. Wright, Jr., an adult individual with a current address of 416 Tohickon Avenue, Quakertown, PA 18951.

12. Defendants are the following individuals and business entities.

    a.    Equable Ascent Financial LLC, a business entity with a principal place of business located at 1120 W. Lake Cook Road, Suite B, Buffalo Grove, IL 60089.

    b.    John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this complaint.

    c.    X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint.

**COUNT ONE: Violation of Fair Credit Reporting Act (FCRA)**
**15 USC 1681 et. seq.**
**"Johnson Violation"**

13. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

14. At all times mentioned herein Plaintiff was a consumer as defined by the FCRA.

15. At all times mentioned herein Defendant was a furnisher of information as defined by the FCRA.

16. At various times in writing, Plaintiff contacted Defendant about and alleged consumer debt that appeared on her credit report.

17. The alleged consumer debt had been placed on Plaintiff's credit report by Defendant, and Defendant was therefore a furnisher of information for purposes of the FCRA.

18. 15 USC 1681 s-2 requires a furnisher to conduct a reasonable investigation of an account which appears on a consumer's credit report, upon written request of the consumer to do so.

19. The United States Court of Appeals for the Fourth Circuit held that the FCRA requires furnisher to conduct detailed examinations of the documents underlying customer transactions before responding to inquiries about a customer's debt, instead of relying on computer databases that provide convenient but potentially incomplete or inaccurate customer account information. See *Johnson v. MBNA America Bank*, No. 03-1235 (February 11, 2004).

20. At various times in writing, Plaintiff requested that Defendant conduct an investigation about the alleged consumer debt that appeared on Plaintiff's credit report.

21. Defendant(s) failed and willfully refused to conduct an adequate investigation of Plaintiff's account in violation of Defendant's duties pursuant of 15 USC 1681 s-2 et. seq.

22. Defendant(s) investigation was limited to producing isolated credit card statements with no contractual support for the amounts claimed in the statements.

23. After Defendant(s) failed and willfully refused to conduct an adequate investigation of Plaintiff's account, Defendant(s), Plaintiff was left with no other recourse than to dispute the account with the relevant consumer reporting agency(ies) (CRAs).

24. After Plaintiff disputed the account with the relevant credit reporting agencies(s), Defendant then verified the alleged account with the relevant credit reporting agencies, Defendant(s) despite having willfully refused to conduct an investigation of Plaintiff's account in violation of Defendant's duties pursuant of 15 USC 1681 s-2 et. seq.

25. Upon information and belief, it is averred that Defendant(s) have a standard practice policy which contradicts it's duties pursuant to 15 USC 1861 s-2.

26. Plaintiff bring this action under 15 USC 1681 s-2(b), as distinguished from 15 USC 1681s-2(a).

27. There is no private cause of action under 15 USC 1681s-2(a).  Only the government can bring a cause of action under 15 USC 11681 s-2(a).  For example, the Attorney General could bring a claim on behalf of consumers under 15 USC 1681s-2(a).

28. But there is a private cause of action under 15 USC 1681s-2(b).  See the following case

law which distinguishes between the government right of action under 15 USC 1681s-

2(a), and the private cause of action under 15 USC 1681s-2(b).

Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL 2332494, *1 (E.D. Pa.
Aug. 10, 2007).
The Court granted furnisher's motion to dismiss and noted that it is well established that
to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit reporting agency
of the dispute, the credit reporting agency then notified the furnisher of information, and
the furnisher of information failed to investigate or rectify the disputed charge.").

Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).
The Court ruled that a consumer had no private right of action under FCRA against
furnisher for its failure to provide accurate information to consumer reporting agencies.

Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D. Mass.
2009).  The Court ruled that  notification by consumer reporting agency to information
furnisher was prerequisite for furnisher liability under FCRA.

Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006). The Court
dismissed the complaint, but only because Plaintiff failed to allege that he disputed the
accuracy of his debts to a credit agency, or that the credit agency thereafter reported
dispute to defendant.

29. Because Plaintiff first disputed the account with Defendant, and then disputed the

account with the credit reporting agency afterwards, and then Defendant(s) verified the

derogatory information to the Credit Reporting Agency without conducting aproper

investigation, Plaintiff does have a private cause of action against Defendant under these

particular circumstances.

## COUNT ONE: Violation of Fair Credit Reporting Act (FCRA)
### 15 USC 1681 et. seq.
### "Saunders Violation"

30. The previous paragraphs of this complaint are incorporated by reference and made a part of this action.

31. At all relevant times in this Complaint, Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

32. At all relevant times in this Complaint, Defendant(s) was / were acting as a debt collector(s) as defined by the FDCPA, 15 USC 1692 et. seq.

33. At all times mentioned herein, Defendant(s) was / were attempting to collect on an alleged consumer debt against Plaintiff.

34. At all times mentioned in this Complaint, Defendant(s) has a duty to comply with all applicable laws governing collection procedures on Plaintiff's consumer account(s), pursuant to 15 USC 1692 f.

35. By breaching its duties under 15 USC 1681 s-2, Defendant(s) also breached its duties under 15 USC 1692 f, to refrain from any collection activity that is illegal or unconscionable.

36. Defendant(s) engaged in illegal and unconscionable collection in violation of 15 USC
1692 f et. seq. (FDCPA), when Defendant(s) violated 15 USC 1681 s-2 et. seq (FCRA).

37. Plaintiff bring this action under 15 USC 1681 s-2(b), as distinguished from 15 USC
1681s-2(a).

38. There is no private cause of action under 15 USC 1681s-2(a). Only the government can
bring a cause of action under 15 USC 11681 s-2(a). For example, the Attorney General
could bring a claim on behalf of consumers under 15 USC 1681s-2(a).

39. But there is a private cause of action under 15 USC 1681s-2(b). See the following case

    law which distinguishes between the government right of action under 15 USC 1681s-

    2(a), and the private cause of action under 15 USC 1681s-2(b).

    Beisel v. ABN Ambro Mortgage, Inc., No. 07-2219, 2007 WL2332494, *1 (E.D. Pa.
    Aug. 10, 2007).
    The Court granted furnisher's motion to dismiss and noted that it is well established that
    to prevail on a FCRA claim Plaintiff "must prove [he] notified a credit reporting agency
    of the dispute, the credit reporting agency then notified the furnisher of information, and
    the furnisher of information failed to investigate or rectify the disputed charge.").

    Marshall v. Swift River Academy, LLC, 2009 WL 1112768 (9th Cir. 2009).
    The Court ruled that a consumer had no private right of action under FCRA against
    furnisher for its failure to provide accurate information to consumer reporting agencies.

    Catanzaro v. Experian Information Solutions, Inc., 671 F. Supp.2d 256, 260 (D. Mass.
    2009). The Court ruled that notification by consumer reporting agency to information
    furnisher was prerequisite for furnisher liability under FCRA.

    Kaetz v. Chase Manhattan Bank, 2007 WL 1343700, *3 (M.D. Pa. 2006). The Court
    dismissed the complaint, but only because Plaintiff failed to allege that he disputed the
    accuracy of his debts to a credit agency, or that the credit agency thereafter reported
    dispute to defendant.

40. Because Plaintiff first disputed the account with Defendant, and then disputed the

    account with the credit reporting agency afterwards, and then Defendant(s) verified the

    derogatory information to the Credit Reporting Agency without conducting a proper

    investigation, Plaintiff does have a private cause of action against Defendant under these

    particular circumstances.

## LIABILITY

41. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

42. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

43. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

44. Any mistake made by Defendant would have included a mistake of law.

45. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## DAMAGES

46. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

47. At least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

48. $1,000.00 statutory damages Plaintiff pursuant to 15 USC 1681 et. seq.

49. Plaintiff suffered emotional distress, anger, frustration and confusion as a result of Defendant's illegal collection activity in an amount to be determined at trial.

50. The amount of such distress, anger, frustration should be proven at trial.

51. Defendant's conduct was willful, wanton and intentional, and therefore Plaintiff requests punitive damages in an amount of no less than $10,000.00.

**ATTORNEY FEES**

52. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

53. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,750.00 at a rate of $350.00 per hour, enumerated below.

a. Consultation with client. Numerous meetings. Drafting of dispute letters          2

b. Drafting, editing, review of complaint and related documents. Organizing Exhibits and filing complaint and related documents          1

c. Follow up contact with Defense          2

5 x $350 = $1,750.00

54. Plaintiff's attorney fees continue to accrue as the case move forward.

55. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

56. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

57. Plaintiff seeks injunctive relief barring further unlawful credit reporting and / or unlawful collection activity.

58. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

59. Plaintiff requests a jury trial in this matter.

60. Plaintiff demands a jury trial in this matter

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $12,751.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq.

$1,750 attorney fees

$10,000 punitive damages

---

$12,751.00

Plaintiff seeks such additional relief as the Court deems just and proper.

Vicki Piontek, Esquire
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

12-24-2011
Date

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**
█████████████

Equable Ascent Financial
1120 West Lake Cook Road
Suite A
Buffalo Grove, IL 60089

**Re:**        **DISPUTE**
        **James E. Wright, Jr. SSN:** ███████████
        **Alleged Original Creditor: GE Capital Corp.**
        **Account Number 471.....**
        **Alleged Balance $3,483**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The balance that your company claims against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract.

The amount stated on my credit report is excessive and inflated. I request proof of the contract justifying such charges. I also would like proof of the balance and a breakdown of all charges.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties. I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

THIS IS A DISPUTED ACCOUNT.   YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

James E. Wright, Jr.                 5-5-11
                                      Date

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**
████████████

Equable Ascent Financial
1120 West Lake Cook Road, Suite A
Buffalo Grove, IL  60089

Re:     **DISPUTE**
        **James E. Wright, Jr. SSN:** ████████████
        **Alleged Original Creditor: GE Capital Corp.**
        **Account Number 471.....**
        **Alleged High Balance $3,483**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The alleged high balance that your company claims against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract. I never legally owed your company as much as $3,483.00.

The amount stated on my credit report is excessive and inflated. I request proof of the contract justifying such charges. I also would like proof of the balance and a breakdown of all charges.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties. I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

THIS IS A DISPUTED ACCOUNT. YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.

Sincerely,

James E. Wright, Jr.        6-12-11
                            Date

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**

Equable Ascent Financial
1120 West Lake Cook Road, Suite A
Buffalo Grove, IL  60089

Re:        **DISPUTE**
           **James E. Wright, Jr. SSN:** ▮▮▮▮▮▮
           **Alleged Original Creditor: GE Capital Corp.**
           **Account Number 471.....**
           **Alleged High Balance $3,483**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account.

The alleged high balance that your company claims against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract. I never legally owed your company as much as $3,483.00.

The amount stated on my credit report is excessive and inflated. I request proof of the contract justifying such charges. I also would like proof of the balance and a breakdown of all charges.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties. I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

**THIS IS A DISPUTED ACCOUNT. YOU MUST MARK THIS ACCOUNT AS DISPUTED ON MY CREDIT REPORT.**

Sincerely,

James E. Wright, Jr.        9-20-11
                            Date



**EAF**

Equable Ascent Financial
*formerly* Hilco Receivables, LLC

Date: 8/24/2011

James Wright Jr
416 TOHICKON AVE
QUAKERTOWN, PA 189511343

<u>Creditor</u>: Equable Ascent Financial, LLC
<u>Original Creditor</u>: GE Capital Corp.
<u>EAF File#</u>: 4713000
<u>Original Account #</u>: 6019182309004473
<u>Balance</u>: $3,483.47

Dear James Wright Jr,

Please accept this letter as Equable Ascent Financial, LLC's ("EAF," f/k/a Hilco Receivables, LLC)
response to your request for validation of an obligation you owe to EAF per the Fair Debt
Collection Practices Act ("FDCPA").

Enclosed please find the following information to validate your debt:
1. Available documents from the original creditor
2. Original Creditor: GE Capital Corp.
3. Balance: $3,483.47

Accordingly, EAF has instructed the credit bureaus to report this account as open, and it has
engaged a collection firm to collect the outstanding balance on the account. EAF is unaware of
any reason why this debt cannot be collected. EAF now considers the debt validated.

Please feel free to contact the Client Services Department at 1-866-902-7395 if you have any
further questions.

Sincerely,
Equable Ascent Financial, LLC
Client Service Division

This communication is from a debt collector and may result in an attempt to collect a debt. Any
information obtained may be used for that purpose.

Equable Ascent Financial, LLC    1120 W. Lake Cook Road, Suite B            EAF-EVRML(04/2010)
                  Financial Solutions Redefined.                           Tel: 847 418 2706
            Fax: 847 521 4510      Buffalo Grove, IL 60089

☐ **Check the box at left and print changes on back**

JAMES E WRIGHT JR
416 TOHICKON AVE
QUAKERTOWN PA 18951-1343

**Mail Payments to:** GE MONEY BANK
PO BOX 960061
ORLANDO, FL 32896-0061

Pay online at **www.geonlineservice.com** or enclose this coupon with your check to GE MONEY BANK. Please use blue or black ink.

**CARECREDIT/GEMB**                                        **GE Money**

Pay online for free at: **www.geonlineservice.com**
For customer service or to report your card lost or stolen, call **1-866-893-7864.** Best times to call are Wednesday - Friday.

## PROMOTIONAL PURCHASE SUMMARY (A)

| Promotional Expiration Date | Promotional Balance | Billed FINANCE CHARGE | Tran Date | Description | Initial Purchase Amount |
|---|---|---|---|---|---|
| UNTIL PAID OFF | $2,886.08 | $42.56 | 09/04/2007 | Fixed Pay | $6,000.00 |

You will incur no Finance Charges on a Deferred Interest promotional purchase, provided the promotional purchase amount is paid in full by the indicated Promotional Expiration Date and you pay, by the Payment Due Date, each Minimum Payment Due on your Account prior to the Promotional Expiration Date. If you do not satisfy these requirements, Finance Charges accrued from the date of purchase will be added to your Account. On a Fixed Payment (Extended Payment Plan) promotional purchase the finance charge is billed monthly and included as part of the Minimum Payment due. For more Promotional Description Details, please see the back of your statement.

To make more than one payment see MAIL PAYMENT TO address or pay online at www.geonlineservice.com*

## ACCOUNT INFORMATION

| | |
|---|---|
| Account Number | 6019 1823 0900 4473 |
| Statement Date | 08/21/2009 |
| Payment Due Date | 09/13/2009 |
| Total Minimum Payment Due | $173.00 |
| Days This Period | 31 |

**PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE**
We may convert your payment into an electronic debit.
See reverse side.

## BALANCE SUMMARY

| | | |
|---|---|---|
| | Previous Balance | $3,016.52 |
| + | New Purchases / Balance Transfers | $0.00 |
| - | Payments | $173.00 |
| +/- | Credits, Fees & Adjustments (net) | $0.00 |
| +/- | FINANCE CHARGE / Transaction Fees (net) | $42.56 |
| = | New Balance | $2,886.08 |
| | Credit Limit | $4,900.00 |
| | Available Credit | $2,013.00 |

## ACCOUNT ACTIVITY

| Tran Date | Post Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 08/09/2009 | 08/09/2009 | F9072008X00CHGDDA | AUTOMATIC PAYMENT - THANK YOU | $173.00 CR |
| 08/21/2009 | 08/21/2009 | | *FINANCE CHARGE* | $42.56 |

## FINANCE CHARGE SUMMARY

| How Your FINANCE CHARGE Was Calculated | Computed on Average Daily Principal Balance | Daily (D) Periodic Rate | Corresponding Annual Percentage Rate | Periodic FINANCE CHARGE |
|---|---|---|---|---|
| Purchases | $0.00 | 0.06847% (D) | 24.99% | $0.00 |
| Fixed Pay | $2,964.81 | 0.04631% (D) | 16.90% | $42.56 |
| ANNUAL PERCENTAGE RATE  -Purchases | 16.900% | Total Periodic FINANCE CHARGE | | $42.56 |

## CARDHOLDER NEWS

Note:  In the past we may have permitted you to continue your Special Payment Plan after your failure to pay the Minimum Payment when due.  However, from now on your Special Payment Plan may be permanently terminated, according to our agreement, if you fall to pay one or more Minimum Payments when due.

Unless otherwise noted at time of sale, the Annual Percentage Rate (APR) identified for 'Purchases' in the Finance Charge Summary Box above will apply to new promotional purchases while in the promotional period and after the promotion expires. Should the account become delinquent before a new promotional purchase is made, the promotional APR during and after the new promotional period may be as high as 29.99% regardless of what is noted at time of sale.

In order to protect your account  privacy, we are unable to provide account information to anyone other than the cardholder(s) or an authorized party. If you wish to permit us to speak to an authorized party such as a spouse about your account, please send

SEP-02-2011 05:15 PM   JAMES.WRIGHT                    215 838 6128          P.01



BY PROVIDING MY E-MAIL ADDRESS I CONSENT TO RECEIVE E-MAIL COMMUNICATIONS ABOUT MY ACCOUNT AND AUTHORIZE YOU TO PROVIDE MY E-MAIL ADDRESS TO THE RETAILER ACCEPTING MY CARD SO I CAN RECEIVE SPECIAL OFFERS AND UPDATES.

☐ New Street
Address
City
ST, Zip
Phone #
E-mail

Home Phone#        Business Phone #        Cell-phone or other phone #        Email Address
we can use to contact you

BY PROVIDING MY E-MAIL ADDRESS I CONSENT TO RECEIVE E-MAIL COMMUNICATIONS ABOUT MY ACCOUNT AND AUTHORIZE YOU TO
PROVIDE MY E-MAIL ADDRESS TO THE RETAILER ACCEPTING MY CARD SO I CAN RECEIVE SPECIAL OFFERS AND UPDATES.

**Billing Rights Summary:** In Case of Errors or Questions About Your Bill:

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to us on a separate sheet at: Billing Inquiries - P.O. Box 981438, El Paso TX 79998-1438, as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information: (a) Your name and account number; (b) The dollar amount of the suspected error; (c) Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.

You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount you question.

**Special Rule for Credit Purchases** If you have a problem with the quality of goods or services that you purchased with a credit card and you have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. You have this protection only when the purchase price was more than $50 and the purchase was made in your home state or within 100 miles of your mailing address. (If we own or operate the merchant or if we mailed you the advertisement for the property or service, all purchases are covered regardless of the amount or location of purchase.)

**Credit Reports and Account Information:** If you believe that we have reported inaccurate information about you to a credit bureau, please write to us at P.O. Box 981439, El Paso, TX 79998-1439. In doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please send a copy of that report to us as well.

**Use of Information About You and Your Account:** Our Privacy Policy describes our collection and disclosure of information about you and your Account. If you would like another copy of the Privacy Policy, please call our toll-free Privacy service number, (877) 905-2097.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Credit Bureau Reporting:** We may report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

**Payments:** You may at any time pay the entire balance (the "New Balance") in full or more than the "Total Minimum Payment" shown on the front of this statement, but you must pay at least the Total Minimum Payment. Payments received by 5:00 p.m. at the address shown on the front of this statement for receipt of payments will be credited as of the date received. Conditional Payments: Any check or payment instrument in an amount less than the full amount due that you send us marked as "PAID IN FULL", or that you otherwise tender as full satisfaction of a disputed amount, must be sent to us at the BILLING RIGHTS SUMMARY address shown above and NOT the "Payments" address shown on the front of this statement for your undisputed amounts. If you make a payment at a location other than the address shown on the front of this statement for receipt of payments, crediting that payment to your account may be delayed by up to five days. Credit to your Account may be delayed up to five days if payment is: (a) not received at the Payment Address, (b) is not made in U.S. dollars drawn on a U.S. financial institution located in the U.S., (c) is not accompanied by the top portion of your statement, (d) contains more than one payment or coupon, (e) is not received in the remittance envelope provided or (f) includes staples, paper clips, tape, or correspondence of any type. We reserve the right to select the method by which payments and credits are allocated to your Account in our sole discretion. The payment allocation method that we use may result in higher Finance Charges to your Account, depending on the types of transactions you make (such as promotional or non-promotional purchases), and the timing and amount of your payments. For example, on promotions requiring Minimum Payments, payments over the minimum will usually be applied to those promotional balances before non-promotional and other balances. If you have a non promotional balance this may reduce the benefit from the promotions if you want to change this allocation, please call Customer Service.

If you file bankruptcy you must send us notice, including account number and all information related to the proceeding to the following address, GE Money Bank, Attn: Bankruptcy Dept, P.O. Box 103106, Roswell, GA 30076.

**Periodic Finance Charges**

A. We calculate the periodic Finance Charge separately for Purchases and Cash Advances. The Annual Percentage Rate may sometimes be referred to as "APR." For each billing period in which a periodic Finance Charge is

imposed, the amount of the Finance Charge is the total of the amount of the periodic Finance Charge calculated during that billing period. The periodic Finance Charge for each billing period is calculated by applying the applicable daily periodic rate ("Periodic Rate") in effect during that billing period to the balance subject to periodic Finance Charges for each day in the billing period, and adding together all of those daily Finance Charge amounts. A minimum FINANCE CHARGE of up to $2.00 will be imposed for each billing period in which your Account is subject to a Finance Charge.

B. The periodic Finance Charges will be determined separately for charges incurred under any Special Payment Plan in accordance with the terms established for such Special Payment Plan. *You understand and acknowledge that this Account provides for the daily compounding of periodic Finance Charges.*

**Balance Subject to Periodic Finance Charges.** The balance subject to a periodic Finance Charge is calculated separately for Purchases and Cash Advances.

A. The Purchase Balance subject to a periodic Finance Charge is the Purchase Daily Balance of the Account. To determine the Purchase Daily Balance, we take the prior day's Purchase Balance of your Account, which includes unpaid periodic Finance Charges on your Purchase Balance, and add any new Purchases, including any Balance Transfers that are treated as Purchases, and other debits charged to your Account that day, and subtract any payments and other credits applied to your Purchase Balance that day. Each day we also add any periodic Finance Charges on your Purchase Balance and other Finance Charges and fees (other than Transaction Fees for Cash Advances), including any debt cancellation fees, assessed that day on your Account. This gives us the Purchase Daily Balance of the Account. Any Purchase Daily Balance of less than zero will be treated as zero.

B. The Cash Advance Balance subject to a periodic Finance Charge is the Cash Advance Daily Balance of the Account. To determine the Cash Advance Daily Balance, we take the prior day's Cash Advance Balance of your Account, which includes any unpaid periodic Finance Charges on your Cash Advance Balance, and add any new Cash Advances, including any Balance Transfers that are treated as Cash Advances, Transaction Fees for Cash Advances and periodic Finance Charges on your Cash Advance Balance for that day and subtract payments and other credits applied to your Cash Advance Balance that day. This gives us the Cash Advance Daily Balance of the Account. Any Cash Advance Daily Balance of less than zero will be treated as zero.

C. You can determine the periodic Finance Charge by (i) multiplying each average daily balance shown on the front of the Statement for Purchases and Cash Advances by the appropriate number of days in the billing period; (ii) multiplying each of the results by the applicable periodic rate; and (iii) adding these results together.

**When Periodic Finance Charges Begin to Accrue.** Purchases and Cash Advances begin to accrue periodic Finance Charges from the date of the transaction (or, at our option, from the date they are posted to your Account) and continue to accrue Finance Charges until the charge is paid in full. However, you can avoid periodic Finance Charges on new Purchases if for each billing period you pay your New Balance, including any Cash Advance balance and any balance of Purchases made under any Special Payment Plan in full on or before the Payment Due Date for such billing period. There is no period within which you can avoid periodic Finance Charges on Cash Advances or Transaction Fees for Cash Advances.

**PROMOTIONAL SUMMARY (A).** See Description Box and Total Minimum Payment due for required payment information.
Deferred Interest - to avoid deferred FINANCE CHARGE, purchase must be paid in full by Expiration Date.
Same Payment – FINANCE CHARGE billed monthly.
Reduced APR   FINANCE CHARGE at a lower rate applied to promo purchase balance until Expiration Date.
Equal Payment – Any FINANCE CHARGE applies until promo paid in full
No Interest – No FINANCE CHARGE billed or accrued during the promo period.

Hearing Impaired TDD users call 1-877 418 8512

**Notice:** Please refer to the front page(s) of your statement for the name of the owner and servicer of your account.

O1EK5302 - 6 - 04/15/09

---

* Valid on purchases of $300 or more on your CareCredit consumer credit card account. On promo purchase, monthly payments required, but no finance charges will be assessed if (1) promo purchase paid in full in 3, 6, 12 or 18 months, (2) any minimum monthly payments on account paid when due, and (3) account balance does not exceed credit limit. Otherwise, promo may be treated as standard & finance charges assessed from purchase date. On promotions requiring a minimum payment, payments over the minimum will usually be applied to those promo balances before non-promo and other balances. If you have a non-promo balance, this may reduce the benefit from the promos. If you want to change this allocation, please call Customer Service. Standard terms apply to non-promo purchases, optional charges & existing accounts. See your terms and conditions for important account information. Subject to approval. Not all plans available at all offices. Please check with your provider for availability.

**PAYMENT DUE BY 5 P.M. EASTERN ON THE DUE DATE.**
**You may choose not to have your payment collected electronically by sending your payment (with the payment stub), in your own envelope - not the enclosed windowed envelope, addressed to: SF OPT OUT, PO BOX 530960, Atlanta, GA 30353-0960 and not the Payment Address.**

**GENERAL CORRESPONDENCE:**   **MAIL PAYMENT TO:**        **BILLING INQUIRIES:**        **OVERNIGHT PAYMENT:**

SEP-02-2011 05:20 PM   JAMES.WRIGHT                215 538 6128                P.01

providers nationwide and flexible payment plans available, there's nothing stopping you.
There are so many ways to use CareCredit, and all of them can help you achieve a healthier, happier you. Dental treatments to help you light up a room with your smile, LASIK surgery and vision care so you'll always have a clear perspective and cosmetic procedures to enhance your natural beauty. And remember, you can always count on CareCredit for your pets - for great care without compromise.

## SPECIAL MESSAGES

CALL 1-866-893-7864 TO FIND A PROVIDER NEAR YOU! CARECREDIT...HEALTHCARE FINANCING ON YOUR TERMS.

Share your opinions!  Join the CareCredit Advisory Panel - go to CareCreditPanel.com.



**EAF**

Equable Ascent Financial
*formerly* Unico Receivables, LLC

Date: 11/21/2011

James Wright Jr
416 TOHICKON AVE
QUAKERTOWN, PA 189511343

<u>Creditor</u>: Equable Ascent Financial, LLC
<u>Original Creditor</u>: GE Capital Corp.
<u>EAF File#</u>: 4713000
<u>Original Account #</u>: 6019182309004473
<u>Balance</u>: $3,483.47

Dear James Wright Jr,

This notification is to inform you Equable Ascent Financial, LLC (EAF) is in receipt of your validation letter.

Our system records reflect that EAF has previously provided you with the required validation pursuant to the FDCPA. Therefore, we will not be providing the additional information or answering the other queries you set forth in your most recent demand for validation other than the following information:

(1) The amount of the debt:  $3,483.47
(2) The name of the Creditor to whom the debt is owed: Equable Ascent Financial, LLC
(3) The name of the Original Creditor: GE Capital Corp.
(4) Copy of the Judgment, if Judgment has been awarded by the court.
(5) The Creditors address and phone number:

> Equable Ascent Financial, LLC
> 1120 W. Lake Cook Road Suite: B
> Buffalo Grove, IL 60089
> Tel: 1-866-902-7395

EAF is unaware of any reason why this debt cannot be collected and considers the debt validated.

Please feel free to contact the Client Services Department at 1-866-902-7395 if you have any further questions.

Sincerely,
Equable Ascent Financial, LLC
Client Service Division

This communication is from a debt collector and may result in an attempt to collect a debt. Any information obtained may be used for that purpose.

EAF-EVRP(09/2011)



# EAF

Equable Ascent Financial
*formerly* Hilco Receivables, LLC

Date: 9/7/2011

James Wright Jr
416 TOHICKON AVE
QUAKERTOWN, PA 189511343

Creditor: Equable Ascent Financial, LLC
Original Creditor: GE Capital Corp.
EAF File#: 4713000
Original Account #: 6019182309004473
Balance: $3,483.47

Dear James Wright Jr,

This notification is to inform you Equable Ascent Financial, LLC (EAF) is in receipt of your validation letter.

Our system records reflect that EAF has previously provided you with the required validation pursuant to the FDCPA. Therefore, we will not be providing the additional information or answering the other queries you set forth in your most recent demand for validation other than the following information:

(1) The amount of the debt: $3,483.47
(2) The name of the Creditor to whom the debt is owed: Equable Ascent Financial, LLC
(3) The name of the Original Creditor: GE Capital Corp.
(4) Copy of the Judgment, if Judgment has been awarded by the court.
(5) The Creditors address and phone number:

> Equable Ascent Financial, LLC
> 1120 W. Lake Cook Road Suite: B
> Buffalo Grove, IL 60089
> Tel: 1-866-902-7395

Accordingly, EAF has instructed the credit bureaus to report this account as open, and it has engaged a collection firm to collect the outstanding balance on the account. EAF is unaware of any reason why this debt cannot be collected and considers the debt validated.

Please feel free to contact the Client Services Department at 1-866-902-7395 if you have any further questions.

Sincerely,
Equable Ascent Financial, LLC
Client Service Division

This communication is from a debt collector and may result in an attempt to collect a debt. Any information obtained may be used for that purpose.

EAF-EVRP(04/2010)

**Equable Ascent Financial, LLC**   1120 W. Lake Cook Road, Suite B               Tel: 847 418 2706
Financial Solutions Redefined.
                                       Buffalo Grove, IL 60089
             Fax: 847 521 4510

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**

Trans Union Corporation
P.O. Box 1000
Chester, PA 19022

**Re:**      **DISPUTE**
          **James E. Wright, Jr. SSN:** ███████
          **Equable Ascent Financial**
          **Alleged Original Creditor: GE Capital Corp.**
          **Account Number 471…..**
          **Alleged High Balance $3,483**

To Whom it May Concern:

    Your company has placed derogatory information on my credit report for the above referenced account. The alleged high balance claimed against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract. I never legally owed your company as much as $3,483.00.

    The amount stated on my credit report is excessive and inflated. I request proof of the contract justifying such charges. I also would like proof of the balance and a breakdown of all charges.

    I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties. I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

                    Sincerely,

                    James E. Wright, Jr.          11-20-11
                                                  Date

*** 310161835-011 ***
P.O. Box 2000
Chester, PA 19022-2000



12/11/2011  TransUnion.

P1SIRL00200005-I000025-093773232

JAMES E. WRIGHT JR
416 TOHICKON AV
QUAKERTOWN, PA 18951

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last one year for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit
http://transunion.com/consumerfaqs .

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| EQUABLE ASCENT FNCL LLC | # 47130** | NEW INFORMATION BELOW |

| File Number: | 310161835 |
|---|---|
| Page: | 1 of 1 |
| Date Issued: | 12/11/2011 |

**TransUnion.**

## -Begin Credit Report-

Special Note: If any item on your credit report begins with 'MEDICAL-', it includes medical information and the data following 'MEDICAL-' is not displayed to anyone but you but except where permitted by law.

### Account Information

The key to the right helps explain the payment history information contained in some of the accounts below. Not all accounts will contain payment history information, but those creditors reporting how you make payments each month in relation to your agreement with them will...

| N/A | X | OK | | | | |
|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late |

### Adverse Accounts

The following accounts contain information which some creditors may consider to be adverse. Adverse account information may generally be reported for 7 years from the date of the first delinquency, depending on your state of residence. The adverse information in these accounts has been printed in brackets [ ] for your convenience, to help you understand your report. They are not bracketed like this by your creditors.

**EQUABLE ASCENT FNCL LLC #47130\*\***
1120 W LAKE COOK RD
SUITE B
BUFFALO GROVE, IL 60089
(866) 902-7395

| | | | |
|---|---|---|---|
| **Balance:** | $3,483 | **Pay Status:** | >In Collection< |
| **Date Verified:** | 12/10/2011 | **Account Type:** | Open Account |
| **Original Amount:** | $3,483 | **Responsibility:** | Individual Account |
| **Original Creditor:** | GE CAPITAL (Banking) | | |
| **Past Due:** | >$3,483< | | |
| **Last Payment:** | 08/09/2009 | | |

**Loan Type:** FACTORING COMPANY ACCOUNT
**Date placed for collection:** 04/26/2010
**Remarks:** >PLACED FOR COLLECTION<
**Estimated month and year that this item will be removed:** 08/2016

## - End of investigation results -

To view a free copy of your full, updated credit file, go to our website www.transunion.com/fullreport

### -End of Credit Report-

**James E. Wright, Jr.**
**416 Tohickon Avenue**
**Quakertown, PA 18951**

Equifax Information Services
P.O. Box 740241
Atlanta, GA  30374

Re:        **DISPUTE**
           **James E. Wright, Jr. SSN:** ████████
           **Equable Ascent Financial**
           **Alleged Original Creditor: GE Capital Corp.**
           **Account Number 471.....**
           **Alleged High Balance $3,483**

To Whom it May Concern:

Your company has placed derogatory information on my credit report for the above referenced account. The alleged high balance claimed against me is comprised largely of interest, finance charges, penalties or other fees not justified by any existing contract. I never legally owed your company as much as $3,483.00.

The amount stated on my credit report is excessive and inflated. I request proof of the contract justifying such charges. I also would like proof of the balance and a breakdown of all charges.

I have never been provided a copy of the contract which proves the interest rate, finance charges, late fees and other penalties. I dispute such amounts and believe that the actual balance, if any, is much lower than the amount stated on my credit report.

Sincerely,

James E. Wright, Jr.

11-30-11
Date

DEC-15-2011 05:19 PM   JAMES.WRIGHT

215 538 6120

# EQUIFAX

## CREDIT FILE : December 3, 2011
## Confirmation # 1335033807

Dear James E Wright:

Your request for Equifax to reinvestigate certain items of your credit file is now complete.

Below are your results and a report of your credit file revised, as a result of the reinvestigation. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 681-5333 from 9:00am to 5:00pm Monday-Friday in your time zone.

Thank you for giving Equifax the opportunity to serve you.

**The Results of Our Reinvestigation**

>>> **We have reinvestigated the credit account. Account # - GE CAPITA-471* The results that are:** This creditor has verified to Equifax that the high credit/credit limit is being reported correctly. If you have additional questions about this item please contact: *Equable Ascent Financial L, 1120 W Lake Cook Rd Ste A, Buffalo Grove IL 60089-1970*

**Credit Account Information**

(for your security, the last 4 digits of account numbers have been concealed)
(The status listed below represents an account's most recent status reported by the credit grantor)

| Account History | | Status Code Descriptions | |
|---|---|---|---|
| 1: 30-59 Days Past Due | 5: 150-179 Days Past Due | J: Voluntary Surrender | |
| 2: 60-89 Days Past Due | 6: 180 or More Days Past Due | K: Repossession | |
| 3: 90-119 Days Past Due | G: Collection Account | L: Charge Off | |
| 4: 120-149 Days Past Due | H: Foreclosure | | |

| Account Number | | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | |
|---|---|---|---|---|---|---|---|---|---|---|
| GE CAPITA-471* | | | 04/2010 | $3,483 | $0 | | | 1 | | |
| Items As Of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del 1st Rptd | Charge Off Amount | Deferred Pay Start Dte |
| 12/2011 | $3,483 | $3,483 | | $0 | $0 | 08/2009 | | 06/2010 | $0 | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Collection Account;

( Continued On Next Page )

1335033807APP-0010772269-340 - 1674 - AS

000040

0010772269-340
James E Wright
416 Tohickon Ave
Quakertown, PA 18951-1343

Creditor Classification
Banking

P.O. Box 105618
Atlanta, GA 30348

*Notice to Consumers*

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

( End Of Report )

1335033807APP-00107728B- 340 - 1674 - AS

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

James E. Wright, Jr.,                           :
416 Tohickon Avenue                             :
Quakertown, PA  18951                           :
              Plaintiff     :
                            :
Vs.                                             :
Equable Ascent Financial LLC                    :
1120 W. Lake Cook Road, Suite B                 :
Buffalo Grove, IL  60089                        :
and                                             :
John Does 1-10                                  :
and                                             :       Jury Trial Demanded
XYZ Corporations                                :
           Defendant(s)     :

## VERIFICATION

I, James E. Wright, Jr., affirm that the statements contained in the attached complaint are true ad correct to the best of my knowledge understanding and belief.

_James E. Wright, Jr._

_12-22-11_
Date